UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

MICHAEL R. CALONGE,                          }
ON BEHALF OF HIMSELF AND                     }
ALL OTHERS SIMILARLY SITUATED,               }
                                             **}**
                          Plaintiff,         }          Civil Action, File No.
              v                              }
                                             }
ARS NATIONAL SERVICES INC.,                  }
                                             }
                          Defendant.         }

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Michael R. Calonge [hereinafter "Calonge"], on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, ARS National Services Inc. (hereinafter "ARS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on ARS's regular transaction of business within this district.  Venue in this district also is proper based on ARS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  ARS also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Calonge is a natural person who resides at 130 2nd Avenue, Brentwood, NY 11717.

6. Calonge is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 27, 2017, ARS sent Calonge the letter annexed as Exhibit A. Calonge received and read Exhibit A. For the reasons set forth below, Calonge's receipt and reading of Exhibit A deprived Calonge of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, ARS sent Exhibit A to Calonge in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Citibank, N.A. for his individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. ARS, via Exhibit A, attempted to collect this past due debt from Calonge in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. ARS is a California Domestic Business Corporation and a New York Foreign Business Corporation with a principal place of business located in Farmingdale, NY.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. ARS possesses

a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon ARS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ARS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, ARS sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A is the written notice required under 15 USC § 1692g(a).

17. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "Please be advised that your account balance stated above is subject to change, including possible increases due to interest and other charges according to the terms of your original credit agreement."

18. However, Exhibit A did not explain whether interest and other charges actually were accruing.

19. Exhibit A also did not explain the basis for the accrual of any interest and other charges, and did not set forth what Calonge would need to pay to resolve the debt at any given moment in the future.

20. For one or more of the above reasons, Exhibit A did not set forth the amount of the "debt"; and therefore ARS violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) by sending Exhibit A to Calonge.

## SECOND CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

22. Exhibit A is the written notice required under 15 USC § 1692g(a).

23. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "Please be advised that your account balance stated above is subject to change, including possible increases due to interest and other charges according to the terms of your original credit agreement."

24. If on the date of Exhibit A, Citibank, N.A. actually was accruing interest and other charges, the statement set forth in the above paragraph, especially as a result of the use of the word "possible", amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

26. Exhibit A is the written notice required under 15 USC § 1692g(a).

27. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "Please be advised that your account balance stated above is subject to change, including possible increases due to interest and other charges according to the terms of your original credit agreement."

28. If on the date of Exhibit A, Citibank, N.A. actually was not accruing interest and other charges, the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

30. Exhibit A is the written notice required under 15 USC § 1692g(a).

31. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "Please be advised that your account balance stated above is subject to change, including possible increases due to interest and other charges according to the terms of your original credit agreement."

32. If on the date of Exhibit A, Citibank, N.A. actually was not both of the aforementioned items, interest and other charges, but was accruing only one of the aforementioned items, interest and other charges, then the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

**FIFTH CAUSE OF ACTION-CLASS CLAIM**

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

34. Exhibit A is the written notice required under 15 USC § 1692g(a).

35. Exhibit A sets forth a "New Balance" of $1,181.42 and a "Minimum Payment Due" of $430.42 and also contains the following statement:

> "Please be advised that your account balance stated above is subject to change, including possible increases due to interest and other charges according to the terms of your original credit agreement."

36. Based upon the above contents of Exhibit A including the fact that the above statement regarding the need for an adjustment references only the "account balance" rather than the "account balance" and the "Minimum Payment Due", the least sophisticated consumer could believe that paying the "Minimum Payment Due" of $430.42 will prevent the accrual of interest, and other charges.

37. However, if on the date of Exhibit A Citibank, N.A. was accruing interest and other charges until payment of the "account balance", the statement(s) set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

**SIXTH CAUSE OF ACTION-CLASS CLAIM**

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

39. By sending Exhibit A to Calonge, Defendant violated 15 USC § 1692c(a)(2) and/or 15 USC § 1692c(c).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

41. The class consist of (a) all natural persons (b) who received a letter from GC Services dated between November 27, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

42. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

44. The predominant common question is whether Defendant's letters violate the FDCPA.

45. Plaintiff will fairly and adequately represent the interests of the class members.

46. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

47. A class action is the superior means of adjudicating this dispute.

48. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. As regards the First through Fifth Cause of Action, a Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees;

2. As regards the Sixth Cause of Action, a Judgment against Defendant in favor of Plaintiff for actual damages in an amount to be determined at trial, and costs and attorney's fees; and

3.  Any and all other relief deemed just and warranted by this court.

Dated:          November 27, 2018

/s/_____

Mitchell L. Pashkin, Esq. (MLP-9016)

Attorney For Plaintiff

775 Park Avenue, Suite 255

Huntington, NY 11743

(631) 335-1107